KIMBERLY A. SANCHEZ
Acting United States Attorney
R. ALEX CÁRDENAS
ADRIAN T. KINSELLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**
Jul 31, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JASHANPREET SINGH, <br><br> Defendant. | CASE NO. 2:25-cr-0174-DAD <br><br> 18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing in Firearms; 18 U.S.C § 922(o) – Possession and Transfer of a Machinegun; 26 U.S.C § 5861(d) – Unlawful Possession of an Unregistered Short Barreled Rifle; 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303 – Criminal Forfeiture |

# I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing in Firearms]

The Grand Jury charges: T H A T

JASHANPREET SINGH,

defendant herein, beginning at a time unknown but no later than on or about April 7, 2025, and continuing to on or about June 6, 2025, in the County of San Joaquin, State and Eastern District of California, not being a licensed dealer and manufacturer of firearms as described in Title 18, United States Code, Section 923, did willfully engage in the business of dealing and manufacturing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

///

///

///

INDICTMENT

1

COUNT TWO: [18 U.S.C. § 922(o) – Possession and Transfer of a Machinegun]

The Grand Jury further charges: T H A T

JASHANPREET SINGH,

defendant herein, on or about June 6, 2025, in the County of San Joaquin, State and Eastern District of California, did knowingly and intentionally transfer and possess a machinegun, that is, a drop-in machinegun conversion device for an assault rifle, in violation of Title 18, United States Code, Section 922(o).

COUNT THREE: [26 U.S.C. § 5861(d) – Unlawful Possession of an Unregistered Short Barreled Rifle]

The Grand Jury further charges: T H A T

JASHANPREET SINGH,

defendant herein, on or about June 6, 2025, in the County of San Joaquin, State and Eastern District of California, did knowingly possess a firearm, specifically, a short barreled rifle, as defined in Title 26, United States Code, Section 5845(a), which was not registered to defendant JASHANPREET SINGH in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

FORFEITURE ALLEGATION: [18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303 – Criminal Forfeiture]

1.      Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, defendant JASHANPREET SINGH shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing or willful commission of the offenses.

2.      Upon conviction of the offense alleged in Count Three of this Indictment, defendant JASHANPREET SINGH shall forfeit to the United States pursuant to Title 26, United States Code, Section 5872; Title 28, United States Code, Section 2461(c); and Title 49, United States Code, Section 80303, any firearms involved in the commission of the offense; any property used, or intended to be used in the commission of the offense; and any aircraft, vehicle, or vessel involved in the commission of the offense.

3.      If any property subject to forfeiture, as a result of the offenses alleged in Counts One

INDICTMENT                                          2

through Three of this Indictment, for which defendant is convicted:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), as incorporated by Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

EAUSA

_____
KIMBERLY A. SANCHEZ
Acting United States Attorney

INDICTMENT

3

*No.* _2:25-cr-0174-DAD_

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

*vs.*

JASHANPREET SINGH

**NO PROCESS NECESSARY**

I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing in Firearms;
18 U.S.C § 922(o) – Possession and Transfer of a Machinegun;
26 U.S.C § 5861(d) – Unlawful Possession of an Unregistered Short Barreled Rifle;
18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303 - Criminal Forfeiture

*A true bill,*   **/s/ Signature on file w/AUSA**

*Foreman.*

*Filed in open court this* _31st_ *day*

*of* _July_ *, A.D. 20* _25_

/s/ J. Murphy

*Clerk.*

**NO PROCESS NECESSARY**

Carolyn K. Delaney

GPO 863 525

2:25-cr-0174-DAD

## United States v. Jashanpreet Singh
## Penalties for Indictment

**COUNT 1:**

VIOLATION:  18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing and Manufacturing Firearms

PENALTIES:  Maximum of up to 5 years; or
Fine of up to $250,000; or both fine and imprisonment
A supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory)

**COUNT 2:**

VIOLATION:  18 U.S.C. § 922(o) – Transfer or Possession of a Machinegun

PENALTIES:  Maximum of up to 10 years in prison,
Fine of up to $250,000; or both fine and imprisonment
A supervised release term of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory)

**COUNT 3:**

VIOLATION:  26 U.S.C. § 5861(B) – Possession of an Unregistered Short Barrel Rifle

PENALTIES:  Maximum of up to 10 years in prison;
Fine of up to $10,000; or both fine and imprisonment
A supervised release term of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory)

**FORFEITURE ALLEGATION:   ALL DEFENDANTS**

VIOLATION:  18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303 - Criminal Forfeiture

PENALTIES:  As stated in the charging document