BRIAN H. GETZ
CA State Bar No. 85593
899 Ellis Street
San Francisco, CA 94109
Telephone: (415) 912-5886
Email: brian@briangetzlaw.com

Attorney for Defendant
JASHANPREET SINGH

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br>JASHANPREET SINGH,<br><br>　　　　　　Defendant. | Case No. 2:25-cr-0174-DAD<br><br>**MOTION TO RELEASE DEFENDANT ON BOND**<br><br>Date:　August 18, 2025<br>Time:　2:00 p.m.<br>Ctrm:　24, 8th floor |

Defendant Jashanpreet Singh, through his counsel, hereby moves for release upon conditions, and submits this brief in support of that request. There are conditions of release which can be fashioned pending trial which will reasonably assure the court of his lack of flight risk and lack of danger to the community.

### I. DEFENDANT'S PERSONAL BACKGROUND

Jashanpreet Singh, 26 years of age, was born in 1998 in Punjab, India. Growing up, he was the youngest of three children. His parents are Hardeep Ghotra and Parkash Ghotra.

In 2013, the family relocated to Utah for two years before moving to Stockton in 2015. Jashanpreet Singh attended Cesar Chavez High School, graduating in 2016.

Following graduation, Mr. Singh was employed in the trucking business owned by his father Hardeep Singh Ghotra, KLF Transport Inc. Jashanpreet Singh was working on trucking dispatch matters before obtaining a commercial license to conduct long-haul trucking. He has fulfilled this role for the past few years.

Mr. Singh has remained in Stockton, living at the family home with his parents and siblings.

Recently, he has provided service at DOT LAB INC, a drug testing laboratory located at 1746 Grand Canal, Suite 111, Stockton, California 95207. Jashanpreet Singh works as a lab technician handling collection items for drug testing.

Mr. Singh's sister, Rupunider Kaur, who is married to Chandandeep Singh and resides in Lodi, maintains equestrian facilities. Jashanpreet Singh is a frequent visitor and is a skilled rider.

## II. ARGUMENT

### Procedural History of the Immigration Case

Defendant is a citizen of India and first entered the United States on December 24, 2013, at the age of 14. He was granted an employment authorization document and obtained a commercial drivers' license. He has been employed for several years as a long-haul trucker. More recently he has been legally employed at DOT LAB INC in Stockton.

Defendant's father, Hardeep Singh, applied for asylum in May 2014. As a dependent, defendant was listed as an applicant for asylum and currently has an EOIR (Executive Office for Immigration Review) hearing scheduled for March 21, 2026.

### THE DEFENDANT SHOULD BE RELEASED UPON CONDITIONS

**A.     THE BAIL REFORM ACT FAVORS RELEASE.**

The Bail Reform Act favors release in all but a few cases. The Act provides that:

> (a) … Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be –
>
> > (1) released on personal recognizance or upon execution of an unsecured appearance bond…;
> >
> > (2) released on a condition or combination of conditions...;

(3) temporarily detained [for certain reasons]; or

(4) detained [if conditions set forth in subdivision (e) are met].

18 U.S.C. § 3142(a).

Conditions of release range from release on personal recognizance or unsecured bond, subd. (b), to "the least restrictive further condition, or combination of conditions, that [the] judicial officer determines will reasonably assure the appearance of the person as required," subd. (c)(1). A long list of useful conditions is provided in the statute in order to facilitate release rather than detention. *See* subd. (c)(l)(B).

The United States bears the burden of proof to show that the defendant is a flight risk, and that no condition or combination of conditions will reasonably assure the defendant's appearance at further court appearances; the United States also bears the burden, to show by clear and convincing evidence, that the defendant is a danger to the community. 18 U.S.C. §3142(f)(2)(B).

Indeed, even in "presumption" cases a defendant cannot be detained on dangerousness grounds unless the Court makes a finding that no release condition will reasonably assure the safety of the community. Further, even if a "presumption" case, the burden of production requires the defendant to produce only "some credible evidence" showing reasonable assurance of appearance and/or no danger to the community. *United States v. Clairborne,* 793 F.2d 559 (3rd Cir. 1986). And the court may not insist upon a guarantee that the defendant will not pose a threat to the community; objectively reasonable assurance" is all that is required. *United States v. Orta,* 760 F.2d 887 (8th Cir. 1985). The standard is whether any combination of conditions will "reasonably assure" the Court that the defendant will not be a danger to the community. *United States v. Gerba,* 948 F.2d 1118, 1121 (9th Cir. 1991). Preventive detention provisions on dangerousness should not be invoked to safeguard against harms unrelated to the federal prosecution that has given rise to the bail hearing. *United States v. Ploof,* 851 F.2d 7 (1st Cir. 1988).

**B.     RELEVANT FACTORS FOR RELEASE.**

In determining whether conditions may be set "that will reasonably assure ... the safety of any other person and the community," the following factors are relevant:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) The weight of the evidence against the person;
>
> (3) The history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at Court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial , sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and,
>
> (4) The nature and seriousness of the danger to any person or the community that would be posed by the person 's release. …

18 U.S.C. § 3142(g).

**1.     Nature and Circumstances of the Offense Charged**

The nature of the offense charged is indeed serious, and does involve guns, however, it is not a crime of violence. By releasing Mr. Singh pre-trial, this will allow him a better prepared defense, so that he can engage more effectively with his attorneys.

///

///

**2.    The Weight of the Evidence Against the Person**

Since the enactment of the Bail Reform Act, the district courts and the Ninth Circuit have repeatedly held that "The weight of the evidence is the least important of the factors, and the bail statute neither requires, nor permits, a pretrial determination of guilt; the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *United States v. Cardenas*, 784 F.2d 937, 938 (9th Cir. 1986); *United States v. Bibbs*, 488 F. Supp. 2d 925, (N.D. Cal. 2007).

**3.    History and Characteristics of the Person**

Mr. Singh is of sound mind and in good physical condition. He has strong family ties here in California. He lives in California with his parents. He is employed and pays taxes.

**4.    The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Person's Release**

There is no risk to any known person or persons by releasing Mr. Singh on bond. He has no history of assault conduct. Mr. Singh is amendable to any condition the court imposes.

**5.    Collateral to Post**

Mr. Singh's family is willing to help secure his release on bond by offering real estate equity as collateral. Together, they own several properties across California with significant equity available:

1. 1231 Hartwell Avenue, Stockton, CA - approx. $300,000 in equity
     (owned by Hardeep Ghotra and Parkash Ghotra)
2. 16549 N Jack Tone Road, Lodi, CA - approx. $150,000 in equity
     (owned by Rupinder Kaur and Chandandeep Singh)
3. 333 Meridian Avenue, Madera, CA - approx. $100,000 in equity
     (owned by Gurjit Singh and Barinderjeet Singh)

The individuals offering to serve as Jashanpreet Singh's sureties have submitted declarations, filed herewith, and shall be present at the hearing of this motion to answer any questions the Court may ask of them.

**6.     Conditions of Release Which can be Fashioned.**

There are conditions of release which can be fashioned to assure this Court that Mr. Singh will be present for each and every hearing in this matter. Such conditions may include ankle monitoring, weekly check in with Pretrial Services, as well as restrictions as to whom he may associate with, or places he may visit, while this case is pending.

### III. CONCLUSION

Mr. Singh asks the Court to release him on bond and set any conditions to address the Court's concern with public safety and/or the risk of fleeing prosecution.

Dated: August 11, 2025                                Respectfully submitted,

                                                      BRIAN H. GETZ

                                              By:  _____/s/_____
                                                      BRIAN H. GETZ
                                                      Counsel for Defendant
                                                      JASHANPREET SINGH

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of August, 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Adrian T. Kinsella
U.S. Attorney's Office
Eastern District of California
501 I Street, Suite 10-100
Sacramento, CA 95814

/s/
BRIAN H. GETZ