ERIC GRANT
United States Attorney
R. ALEX CÁRDENAS
ADRIAN T. KINSELLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JASHANPREET SINGH,<br>Defendant. | CASE NO. 2:25-CR-0174-DAD<br><br>UNITED STATES'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE ON BOND<br><br>DATE: August 18, 2025<br>TIME: 2:00 p.m.<br>COURT: Hon. Carolyn K. Delaney |

The United States, through Assistant United States Attorneys R. Alex Cárdenas and Adrian T. Kinsella, respectfully submit this Response to defendant Jashanpreet Singh's Motion to Release Defendant on Bond. ECF 14. This Court ordered the Defendant detained on July 31, 2025. ECF 12. For similar reasons articulated in the United States's Amended Brief Regarding Pretrial Detention, *see* ECF 9, the government maintains that the Defendant is a danger to the community and poses a serious risk of flight.

The Defendant failed to appear in state court for a related matter. He was later apprehended by law enforcement at the San Francisco International Airport attempting to board a flight to his native country—India. The Court should deny his motion.

## I. <u>INTRODUCTION</u>

On July 1, 2025, the Court approved a Complaint and arrest warrant against the Defendant charging him with a violation of Unlawful Possession of an Unregistered Short Barreled Rifle, in

violation of 26 U.S.C. § 5861(d). ECF No. 1 (Complaint). As the affidavit to the Complaint sets forth, the Defendant attempted to sell multiple firearms to undercover officers, including three machine gun conversion devices and the charged short barreled rifle. *See* Complaint at 8. A subsequent search of his residence resulted in the discovery of additional firearms, including two machine guns and a silencer. *See* Complaint at 8-10.

Federal law enforcement attempted to arrest the Defendant shortly after the Court issued the instant Complaint on July 1, 2025; the date the Court issued the complaint and arrest warrant. Officers made additional attempts to locate the Defendant since then, including waiting for him at a court hearing for a related state case on July 21, 2025. The Defendant failed to appear at that court appearance and the state court issued a bench warrant. Finally, on July 23, 2025, the FBI received an alert from U.S. Customs and Border Protection that the Defendant had booked a ticket to India. That flight was scheduled to depart on July 26, 2025, from the San Francisco International Airport. On July 26th, officers located and arrested the Defendant at the airport before he could flee.

On July 28, 2025, the Defendant made his Initial Appearance and was arraigned as to the Complaint. ECF 6. The United States moved for detention and defense counsel requested a detention hearing. *Id.* The Detention Hearing was set for July 31, 2025, before this Court. *Id.*

On July 31, 2025, a Grand Jury returned a three-count Indictment, charging the Defendant with: (1) Unlawful Dealing in Firearms, in violation of 18 U.S.C. § 922(a)(1)(A); (2) Possession and Transfer of a Machinegun, in violation of 18 U.S.C. § 922(o); and (3) Unlawful Possession of an Unregistered Short Barreled Rifle, in violation of 26 U.S.C. § 5861(d). ECF 10.

Defendant appeared before this Court for Arraignment and Detention Hearing that same date—July 31, 2025. ECF 13. The Court ordered the Defendant detained. ECF 12.

On August 11, 2025, the Defendant filed his Motion to Release Defendant on Bond. ECF 14. The Defendant noticed the Motion Hearing for August 18, 2025, before this Court. *Id.*

## II. STANDARD OF REVIEW

The Court's prior detention decision controls unless this Court "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as

required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

If the defendant meets that burden and the Court reopens the detention hearing, then the Court must detain the defendant if the Court determines that conditions will not assure "the safety of any other person and the community" or that conditions cannot be fashioned to "reasonably assure the appearance of the [defendant]." 18 U.S.C. § 3142(e), (f). Danger to the community must be shown by clear and convincing evidence. 18 U.S.C. § 3142(f). Whereas the risk of non-appearance must be shown by a preponderance of the evidence. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Court considers the factors provided in Section 3142(g) of Title 18 and makes an "individualized" determination on the need for detention. *United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006); *United States v. Hir*, 517 F.3d 1081, 1086, 1090–93 (9th Cir. 2008) (weighing the § 3142(g) factors in the individual case before the Court). The Section 3142(g) factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

## III. DISCUSSION

### A. Nature and Circumstances of the Offense/Nature and Seriousness of the Danger to any person or the community posed by the Defendant's release

The Defendant concedes that the offense charged is "indeed serious," but argues that it is not a crime of violence. ECF 14 at 4. As such, the Defendant requests to be released "so that he can engage more effectively with his attorneys." *Id.*

The Indictment charges the Defendant with unlawfully trafficking firearms and possessing highly regulated weapons. As the affidavit to the Complaint states, the Defendant attempted to sell these and other firearms to an undercover officer on June 6, 2025. *See* Complaint at 7. Moreover, a search of his residence resulted in the discovery of firearms, including machine guns and a silencer. Officers

located additional evidence in the Defendant's home, including notes showing other apparent firearms trafficking to New York. Complaint at 9.

Thus, the United States argues that the nature and circumstances of the Defendant's offenses heavily weigh in favor of pretrial detention given his danger to the community and strong risk of fleeing to avoid facing significant federal prison time.

**B. <u>Weight of the Evidence Against the Defendant</u>**

The United States maintains that the weight of the evidence against the Defendant is overwhelming. As detailed in the Complaint, he was in sole possession of the charged firearms. Complaint at 8. He was texting and calling undercover officers directly. *See*, *e.g.*, Complaint at 5. This factor therefore weighs in favor of detention. Several additional firearms were found in his residence, including firearms he had offered to sell to the undercover officers.

**C. <u>History and Characteristics of the Defendant</u>**

The bulk of the Defendant's motion relies on his family's willingness to help secure a release bond. ECF 14 at 5. The Defendant also files declarations on behalf of his family members. Moreover, the Defendant states that conditions such as ankle monitoring and Pretrial Services can be sufficient conditions to assure his future appearance in Court. *Id.* at 6.

The Defendant, however, does not address his recent failure to appear for a related state court hearing. Nor does the Defendant deal with his attempt to flee the country, which led to his apprehension as he was attempting to board a flight to India, his country of citizenship.

The Defendant, through his conduct in the related state case coupled with his attempt to flee the country to avoid prosecution, demonstrates why this factor strongly favors detention. The Defendant faces substantial prison time, and he has demonstrated to the Court his willingness to disobey court orders as he pleases. The proposed bond packet does not alter that the Defendant has shown himself willing to shirk court obligations as suits him.

///

///

///

///

## IV. CONCLUSION

The Defendant possesses a clear and proven danger to the community and should be detained pending trial. The Court should deny his motion.

Dated: August 13, 2025

ERIC GRANT
United States Attorney

By: */s/ R. Alex Cárdenas*
R. ALEX CÁRDENAS
ADRIAN T. KINSELLA
Assistant United States Attorneys