BRIAN H GETZ (CSBN: 85593)
LAW OFFICES OF BRIAN H GETZ
899 Ellis Street
San Francisco, CA 94109
Telephone: (415) 912-5886
Email: brian@briangetzlaw.com

Attorney for Defendant
JASHANPREET SINGH

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>   vs.<br><br>JASHANPREET SINGH,<br><br>                  Defendant. | Case No. 2:25-cr-0174-DAD<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER DECISION TO DENY BAIL**<br><br>Date:   October 20, 2025<br>Time:  2:00 p.m.<br>Ctrm:  24, 8th floor |

      Defendant Jashanpreet Singh, by and through undersigned counsel, hereby submits his Reply Brief in response to the government's response to his Motion to Reconsider Decision to Deny Bail (ECF No.: 22).

**I.      INTRODUCTION.**

      The government asserts in its opposition that it maintains its stance from its original opposition to Mr. Singh's Motion to Release Defendant on Bond (ECF No. 15), that Mr. Singh is a danger to the community, poses a serious risk of flight, and ignores his failure to appear for state court in a related matter. The defense disagrees. Mr. Singh tried to leave based on a false impression. He thought he had a right to self deport. Mr. Singh is deeply tied to his community in Stockton, as is supported by the

sixteen unsecured sureties and seven secured declarations. Mr. Singh's history with the community supports pretrial release, given twenty-three (23) votes in his favor.

## II.     ARGUMENT.

### A. Failure to Appear in the Related State Court Hearing.

The defense has been consistent in addressing why Mr. Singh failed to appear for his July 21, 2025 state court hearing. The defense has addressed this matter, as well as his airport arrest.

The state court case involved Mr. Singh and a co-defendant, both of whom were arrested and charged with similar charges to those pending in the instant matter. Both Mr. Singh and the co-defendant were released pending trial, and both faced deportation cases in connection with their status as noncitizens.

The co-defendant understood that he could self-deport and did so. Although incorrect in his belief, Mr. Singh had in mind that he had a claim of right in self-deporting, having been told that actual deportation was inevitable in any event. The fact that his co-defendant self-deported further strengthened his belief that it was an option.

At the time that these events were occurring, Mr. Singh was inundated with news reports describing the detainment of individuals who were designated by the government for deportation. Widespread news reported deportation to countries not of the deportee's origin, and for those accused of gang-related and/or violent crimes or criminal backgrounds, were, and continue to be, deported to those third-countries' prisons. The number of third-country deportations that have occurred since the start of 2025 is unprecedented.

While Mr. Singh was confused in his understanding that he had the option to self-deport, his actions were due to his belief that deportation was inevitable coupled with his belief that he had a claim of right to self deport.

//

//

//

**B. History and Characteristics of the Defendant and the Overwhelming Support from the Community.**

The government dismisses the fact that Mr. Singh has provided the Court with seventeen (17) additional sureties since the August 18, 2025 hearing (sixteen (16) unsecured sureties and one additional secured surety), all of whom are familiar with the arguments submitted by the government.

The declarations of the sixteen (16) unsecured sureties all show Mr. Singh's support from those persons. Mr. Singh assisted with finding jobs, homes, community, and building families and businesses. Mr. Singh is a vital member of his community who has helped many newly immigrated individuals become adjusted, contributing, and law-abiding members to society. Mr. Singh has discussed his case profile with each of them. They come before the Court fully aware of the history of the case. The sureties, and each of them, are convinced that Mr. Singh is reliable when he promises to meet these charges until the case is resolved and have provided specific examples in their declarations as to why they believe so. The number of sureties is significant because it evinces a commitment to the district court based on a belief in the commitment the defendant is making.

The seven (7) secured sureties provides the Court with approximately $610,000 in secured bail across four (4) properties. Each property is owned by a couple or individual Mr. Singh deeply respects and considers a dear friend or family member.

Dated: October 17, 2025

Respectfully submitted,
LAW OFFICES OF BRIAN H GETZ

By:   /s/ *Brian H Getz*
BRIAN H GETZ
Attorney for Defendant
JASHANPREET SINGH